```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
JOHN WAYS,                          :
                                    :
          Petitioner,               :   Civ. No. 20-7438 (NLH)
                                    :
     v.                             :   OPINION
                                    :
                                    :
DAVID E. ORTIZ,                     :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

John Ways
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    John Ways, a prisoner confined at FCI Fort Dix, New Jersey, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that he is being illegally detained and subjected to "unlawful execution of conditions of confinement knowingly exposing me to daily COVID-19 infection and, because of my age and co-morbid preconditions, an immediate death." ECF No. 1 at 2. For the reasons that follow, the Court will dismiss the habeas petition without prejudice.

I.  BACKGROUND

Petitioner is confined at FCI Fort Dix, which is a federal prison operated by the Bureau of Prisons ("BOP"), an agency of the United States Department of Justice.  He states in his petition:

> By April 2020, COVID-19 pandemic overran entire [Fort Dix] political subdivision of New Jersey.  CEO Ortiz while immediately transferring more than 700 convicted criminal Alien federal inmates out of [Fort Dix] for release to their home Countries before being infected; nevertheless refuses to authorize transfer for out-of-State citizen to COVID-19 free confinement in their home States.  This, despite State of New Jersey's law: N.J.S.A. 30:4-91.3 and Governor of New Jersey issuing Executive Order No. 124/COVID-19 and Congresses [sic] enactment of the [Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), ("CARES Act")] and the Federal Government through the Attorney General of the United States in March of 2020 – both Sovereigns: Federal Government and State of New Jersey – commanding by Law and Executive Orders for CEO Ortiz and all Immediate Custodians having "incarcerated citizens" (Executive Order No. 124/COVID-19) to transfer Elderly and at risk citizens back to their home States in release from COVID-19 overrun confinement.

ECF No. 1 at 1-2 (emphasis omitted).  He alleges that as a citizen of the State of Nebraska, he should have been released to his home.

Petitioner asks the Court to inquire into Warden Ortiz's authority to detain him and, ultimately, to order his immediate release.

II.  DISCUSSION

    A.  <u>Legal Standard</u>

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Higgs v. Attorney Gen. of the U.S.</u>, 655 F.3d 333, 339 (3d Cir. 2011), <u>as amended</u> (Sept. 19, 2011) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); <u>see also</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989).

    B.  <u>Analysis</u>

Petitioner argues Warden Ortiz is required to release him to home confinement in Nebraska under New Jersey Governor Phil Murphy's Executive Order 124 and the CARES Act.  He asserts that he is at risk of infection and death from COVID-19 due to his age and co-morbidity factors.  ECF No. 1 at 10-11.  According to

3

Petitioner, Warden Ortiz "compels me to live in 300 man overcrowded old dilapidated WWII barracks without personal protection equipment and barred from any social distancing while both N.J. law and federal laws command elderly be transferred from COVID-19 quarantined infected facilities to coronavirus free existence."  Id. at 10 (capitalization adjusted).  He states he is 54 years old and "because he is afflicted with COPD and severe asthma and high blood pressure there is a 99% chance, if not certain, for [his] death under these conditions of confinement."  Id. at 3.

"The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."  McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (citing Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)).  "[W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."  Leamer, 288 F.3d at 542.  "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is the appropriate course of action.  Id.

4

The Honorable Reneé Marie Bumb, D.N.J., recently held that there was no habeas jurisdiction under § 2241 in a matter involving a proposed class action of "medically vulnerable" Fort Dix inmates who were afraid of contracting COVID-19:

> A core habeas challenge is one where "a prisoner challeng[es] the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." Petitioners do not present a core challenge; they do not contest the validity of their convictions or sentences. Nor do Petitioners challenge the duration of their confinement, as has been recognized in habeas, such as cases presenting the loss of good time credits, denial of parole or BOP's miscalculation of a prisoner's sentence. True, Petitioners seek early release from prison, but they do not do so on the basis that their convictions or sentences are invalid. Instead, they seek such injunctive relief based on unconstitutional conditions of confinement, a type of challenge that neither the Supreme Court nor the Third Circuit has yet recognized as a cognizable habeas claim.

Wragg v. Ortiz, No. 20-5496, ___ F. Supp. 3d ___, 2020 WL 2745247, *18 (D.N.J. May 27, 2020) (quoting McGee, 627 F.3d at 935). "[T]his Court finds that this is not the Eighth Amendment 'exceptional case' to warrant habeas jurisdiction. To be fair, Petitioners' fear of contracting COVID-19 is not unwarranted. Such a fear permeates American society, and in a prison environment such fears are most likely heightened. But nothing in the Complaint rises to the level of circumstances that warrant habeas relief." Id. at *19.

The Court is persuaded by the reasoning in Wragg. Petitioner has not presented any facts beyond a generalized

5

concern of contracting COVID-19 due to the alleged conditions at Fort Dix.  His reliance on Governor Murphy's Executive Order 124 is misplaced; the executive order applies to prisoners confined by the New Jersey Department of Corrections, not the Federal Bureau of Prisons.  See Executive Order No. 124 (Apr. 10, 2020), available at https://nj.gov/infobank/eo/056murphy/pdf/EO-124.pdf (last visited June 23, 2020).  Moreover, the CARES Act, which does apply to the BOP, "does not mandate home confinement for any class of inmate."  Valenta v. Ortiz, No. 20-3688, 2020 WL 1814825, at *1 (D.N.J. Apr. 9, 2020).  The CARES Act only permits the Attorney General to increase the maximum amount of time that a prisoner may spend in home confinement.

Petitioner has not provided any information that he sought home confinement under the CARES Act and was denied.  A claim that the BOP arbitrarily denied Petitioner release on home confinement under the CARES Act is an appropriate claim to raise under § 2241, but there must be a BOP decision for the Court to review.  Therefore, "to the extent that Petitioner seeks review of the BOP's home confinement placement decision, the petition is premature."  Furando v. Ortiz, No. 20-3739, 2020 WL 1922357, at *4 (D.N.J. Apr. 21, 2020).  Petitioner must first seek release under the CARES Act.  Petitioner is free to file a § 2241 petition raising this argument after he has at least attempted to exhaust this claim within the BOP.  Alternatively,

Petitioner may file a civil rights claim contesting the conditions of his confinement.

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed without prejudice. An appropriate order will be entered.

Dated: June 24, 2020          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.